UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTIAN POLATIS,<br><br>Plaintiff,<br><br>v.<br><br>BROCK KATSEANES, et al.,<br><br>Defendants. | Case No. 4:21-cv-00392-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiffs' Motion to Set Bond Pursuant to Idaho Code § 6-610. (Dkt. 2.) Plaintiffs' Complaint (Dkt. 1) alleges claims under 42 U.S.C. § 1983 against the defendants, who are law enforcement officers. Plaintiff has also expressed an intent to amend the Complaint to add claims under Idaho law upon disposition of the pending motion. (*See* Dkt. 2.)

Under Idaho law,

> Before any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such law enforcement officer, the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

MEMORANDUM DECISION AND ORDER - 1

> The purpose of this requirement is to ensure diligent prosecution of a civil action brought against a law enforcement officer, and in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court.

Idaho Code § 6-610(2).

The bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *ET v. Lake Pend Oreille Sch. Dist. No. 84*, No. 2:10cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). However, the bond requirement does apply to Plaintiff's anticipated state-law claims.

This brings the Court to the question of the amount at which bond should be set. Under § 6-610(3), "the prevailing party shall be entitled to an award of costs as otherwise provided by law." I.C. § 6-610(3). It is not yet clear what state law claims Plaintiff anticipates bringing. However, the Court will assume, for purposes of addressing the pending motion, that Plaintiff's state law claims will fall under the Idaho Tort Claims Act (ITCA).

Under the ITCA, to obtain an award of attorney's fees, a prevailing party must show, "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct,

maintenance or defense of the action." I.C. § 6-918A; *see Beehler v. Fremont Cty.*, 182 P.3d 713, 716 (Idaho Ct. App. 2008) ("Section 6-918A is the exclusive means for determining when a party is entitled to receive attorney fees in an action pursuant to the ITCA.").

At this stage of the proceedings, based on the Court's review of the factual allegations in the complaint, as well as the factual allegations included in the pending motion, there does not appear to be any indication of bad faith in the commencement of this action, and thus no indication that the defendants, if they were to prevail in this action, would be entitled to attorney's fees under § 6-918A. Based on the information before it, the Court finds a minimal bond requirement in the amount of $500 to be appropriate.

Finally, the Court notes that the defendants have neither been served nor entered an appearance in this action. The Motion to Set Bond is thus brought ex parte and the defendants have not had an opportunity to respond to the motion or otherwise set forth their position regarding the amount of bond. However, § 6-610 has safeguards in place that will allow the defendants to take exception to the sufficiency of the amount of the bond at any time during the course of this action. *See* I.C. § 6-610(4). If, upon such exception, the Court finds the bond to be in an insufficient amount, the Court will require that a new bond in sufficient amount be

filed by Plaintiff within five days of entry of the Court's order. I.C. § 6-610(7). "If no such bond is filed as required by the order of the court," the state law claims against the law enforcement officers will be dismissed. *Id.*

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Set Bond (Dkt. 2) is GRANTED.

2. The Court conditionally sets the amount of the required bond at $500, subject to Defendants' right to except to that amount as set forth in I.C. § 6-610(4).

3. If such an exception is filed, the Court will then consider whether the bond amount should be increased.

DATED: September 30, 2021

_____
B. Lynn Winmill
U.S. District Court Judge